**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



Guy R. Humphrey
United States Bankruptcy Judge

**Dated: September 29, 2023**

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | Case No. 23-31157 |
| | : | |
| RELIABLE CASTINGS CORPORATION | : | Chapter 11 (Subchapter V) |
| | : | |
| DEBTOR IN POSSESSION. | : | Judge Guy R. Humphrey |

**INTERIM ORDER PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE (A) AUTHORIZING DEBTOR TO OBTAIN SECURED POST-PETITION FINANCING AS TO INSURANCE PREMIUM FINANCING PROVIDED BY AFCO CREDIT CORPORATION, (B) SCHEDULING A FINAL HEARING ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001, AND (C) GRANTING RELATED RELIEF (DOC. 116)**

This matter is before the Court upon the Motion of Reliable Castings Corporation (the "Debtor"), the debtor and debtor-in-possession in the above-captioned chapter 11 case, For Interim and Final Orders: (A) Authorizing Debtor To Obtain Interim And Final Post-Petition Financing Via (1) Factoring Arrangement with Spectrum Commercial Finance, LLC, and (2) Insurance Premium Financing Provided By AFCO Credit Corporation; (B) Scheduling A Final Hearing On The Motion Pursuant to Bankruptcy Rule 4001, and (c) Granting Related Relief (Doc. 116, the "DIP Financing Motion").[1] The portion of the DIP Financing Motion relating to the financing to

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings given to them in the DIP Financing Motion.

be supplied by Spectrum Commercial Finance, LLC is subject to a separate order. An interim hearing was held on the DIP Financing Motion in accordance with Bankruptcy Rule 4001(c)(1) and (2) on September 29, 2023 (the "Interim Hearing").

Upon review of the DIP Financing Motion, the exhibits thereto, including without limitation, the declaration of Thomas Barton in support of the DIP Financing Motion, and all other pleadings and papers filed in this chapter 11 case; and upon consideration of the statements of counsel and the evidence presented at the Interim Hearing, this Court **FINDS AND CONCLUDES** that

On the Petition Date, the Debtor commenced in this Court a voluntary case under Chapter 11 of the Bankruptcy Code with a Subchapter V Election.  The Debtor is operating its business and managing its property as debtor-in-possession pursuant to Section 1184 of the Bankruptcy Code.

This Court has jurisdiction over this proceeding and the parties in interest and properties and interests in properties affected hereby under §§ 157(b) and 1334 of title 28 of the United States Code (the "Judiciary Code").  Consideration of the DIP Financing Motion constitutes a core proceeding under § 157(b)(2) of the Judiciary Code.  The statutory predicates for the relief granted herein are §§ 105, 361, 362, and 364, of the Bankruptcy Code and Bankruptcy Rule 4001(c)(1) and (2).  Venue of the Debtor's case and this Motion in the District is proper pursuant to §§ 1408 and 1409 of the Judiciary Code.

An immediate and critical need exists for the Debtor to obtain funds in order to continue the operation of its business, to avoid a default under the Final Cash Collateral Order and to continue to meet the operating requirements of the United States Trustee's Office.  Without such funds the Debtor lacks sufficient liquidity to operate efficiently to support reorganization and fund the minimum amounts required to maintain proper insurance.  It is imperative that the Debtor maintain its operations to realize upon its going concern value and to successfully reorganize its affairs.  Any cessation in the Debtor's business will cause irreparable harm to the Debtor's estate. Without a sufficient source of post-petition financing available to Debtor to fund operations, the viability of the Debtor's business operations is seriously threatened.  Further, the Debtor is required by the US Trustee's guidelines and the Final Cash Collateral Order to maintain appropriate insurance.  Without the DIP Financing to pay the down payment on the Debtor's insurance and the Premium Financing to pay the remainder of the Debtor's insurance expense, the Debtor's policy will lapse. The ability of the Debtor to finance its operations and the availability to it of sufficient

working capital and liquidity through the incurrence of new indebtedness are essential to the confidence of the Debtor's vendors and suppliers and to the preservation and maintenance of the going concern value of the Debtor's estate.

The Debtor submits that it has attempted, but has been unable, to obtain interim financing on terms more favorable than the terms of the Premium Financing offered by the Premium Financer, under the urgent circumstances. The documents outlining the terms of the Premium Financing were attached to the DIP Financing Motion. Subject to the approval of this Interim Order and the entry of a Final Order in form and substance acceptable to the Premium Financer in its discretion (the "Final Order"), and the terms and conditions of the Premium Financing, the Premium Financer will provide the full commitment to be funded under the Premium Financing. The Debtor further submits that it has been unable to obtain unsecured credit or unsecured debt allowable under § 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to § 364(a) or (b) of the Bankruptcy Code. The Debtor further submits that new credit is unavailable to the Debtor without its providing the Premium Financer a first position lien on the Premium Collateral (defined below).

Substantially all of the Debtor's assets are subject to liens and security interests asserted by the Debtor's pre-petition secured lender Spectrum. Spectrum has indicated a willingness to consent to the grant of liens as to the Premium Collateral as provided for herein.

On September 27, 2023, at this Court's direction, the Debtor served notice of the Interim Hearing and the proposed entry of this Order on the 20 largest unsecured creditors listed in the Debtor's List of Creditors, the DIP Factor, Premium Financer (through its counsel), Office of the United States Trustee for the Southern District of Ohio, the Subchapter V Trustee, and all secured creditors, which notice was sent by overnight courier, email, or the Court's ECF Noticing Service. Under these exigent circumstances, requisite notice of the DIP Financing Motion and the relief requested thereby has been provided in accordance with Bankruptcy Rule 4001, which notice is adequate and sufficient for all purposes under the Bankruptcy Code, including, without limitation, §§ 102(1), 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 9007, 9013, and 9014, and other applicable law and rules of the Court, and no other or further notice need be given for the entry of this Order. Good cause has been shown for the entry of this Order. The ability of the Debtor to finance its operations and insurance premiums and the availability to it of sufficient working capital through the incurrence of new indebtedness for

borrowed money and other financial accommodations is in the best interest of the Debtor and its creditors and estate.  Among other things, entry of this Order will minimize disruption of the Debtor's business and operations and permit it to meet payroll and other critical operating expenses, and to maintain normal operations.  The interim financing authorized hereunder is vital to avoid immediate, irreparable harm to the Debtor's estate and to allow the orderly continuation of the Debtor's business.

The Premium Financing and the Premium Financing Agreement have been negotiated in good faith and at arm's length between the Debtor the Premium Financer.  Any credit extended, factoring accommodation, financings made and other financial accommodations extended to the Debtor by the Premium Financer shall be deemed to have been extended or made, as the case may be, in good faith and within the meaning of § 364(e) of the Bankruptcy Code.

Based upon the proffers of testimony provided at the hearing to consider the interim post-petition financing, the Declaration of Thomas Barton, the terms of the Premium Financing are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are supported by reasonably equivalent value and fair consideration.

The Debtor has requested immediate entry of this Order pursuant to Bankruptcy Rule 4001(c)(2).  The relief granted herein to enter into the Premium Financing, the Premium Financing Agreement and other post-petition financing documents, and obtain interim post-petition financing thereunder is necessary to avoid immediate and irreparable harm to the Debtor.  This Court concludes that the entry of this Interim Order permitting interim borrowings under the Premium Financing is needed to fund the insurance premiums to avoid default under *inter alia* the Final Cash Collateral Order.

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

Pursuant to Section 364(c)(2) of the Bankruptcy Code, the Debtor is hereby authorized to enter into the Premium Financing Agreement in the form attached to the DIP Financing Motion as Exhibit "B" and made a part hereof.

AFCO is hereby granted a first and only priority security interest in the Premium Collateral to wit:

(i)	any and all unearned premiums and dividends which may become payable under the financed insurance policies for whatever reason; and

  (ii)  loss payments which reduce the unearned premiums, subject to any mortgagee or loss payee interests (collectively, the "Premium Collateral").

  Notwithstanding anything to the contrary contained in this Order, the liens and security interests of AFCO granted pursuant to this Order do not extend to the real property (including buildings, improvements, and fixtures) owned by the Debtor located in Hamilton County, Ohio (collectively, the "Hamilton County Real Property") or any proceeds of the Hamilton County Real Property including, without limitation, insurance proceeds.

  The Debtor is hereby directed to pay AFCO all sums due pursuant to the Premium Financing Agreement.

  The full rights of AFCO pursuant to the Premium Financing Agreement and controlling state law be and the same hereby are fully preserved and protected and are and shall remain unimpaired by the pendency of the bankruptcy case or any subsequent conversion of this proceeding to a Chapter 7 or any subsequent appointment of a trustee, other than a Subchapter V Trustee in the instant case.

  In the event that the Debtor defaults upon any of the terms of the Premium Financing Agreement, AFCO may exercise such rights as it may otherwise have under state law, but for the pendency of this proceeding and, without the necessity of further application to this Court, cancel all insurance policies listed on the Premium Financing Agreement or any amendment thereto, and receive and apply all unearned insurance premiums to the account of the Debtor.  In the event that, after such application of unearned premiums, any sums still remain due to AFCO pursuant to the Premium Financing Agreement, such deficiency shall be deemed an administrative expense of the estate.

  The provisions of the automatic stay of Section 362 of the Bankruptcy Code are hereby modified as to DIP Factor and Premium Financer to the extent necessary to implement the terms of this Order.

  This Order constitutes findings of fact and conclusions of law and takes effect and becomes enforceable immediately upon execution hereof.  To the extent that a provision of the DIP Financing or Premium Financing Agreement is inconsistent with a provision of this Order, the provision of this Order will control.

  Nothing in this Order will preclude the Court from entering a Final Order containing provisions inconsistent with or contrary to the terms of this Order, provided that the DIP Factor will have no obligation under the Financing Documents if the Final Order is not in form and substance

acceptable to the DIP Factor; and provided further that the DIP Factor will be afforded all the benefits and protections of this Order, including without limitation, all protection afforded under § 364(e) of the Bankruptcy Code.

This matter is set for a Final Hearing at **10:30 a.m. (Eastern Time) on October 17, 2023**, before United States Bankruptcy Judge Guy R. Humphrey in the West Courtroom of the United States Bankruptcy Court. As soon as practicable after entry of this Interim Order, the Debtor shall mail, first class postage prepaid, copies of this Order and a notice of hearing (the "Final Hearing Notice") to all creditors and parties in interest in this case.

Objections, if any, shall be in writing, shall specify the ground(s) for and facts on which each such objection is based and shall be filed with the Clerk of the Bankruptcy Court with a copy served by hand-delivery, telecopy or overnight delivery service upon and received by counsel for the Debtor and the parties identified in (i) through (vi) above, so that such objections are received on or before **4:00 p.m. (Eastern Time) on October 13, 2023**; any objections by creditors or other parties in interest to any of the provisions of this Order shall be deemed waived unless filed and received in accordance with the notice on or before the close of business on such date.

If no written objections are filed by a party in interest, the Interim Order shall be deemed a final order for all purposes, and the Debtor, DIP Factor, and Premium Financer may submit an agreed Final Order to the Court with terms consistent with this Order and the DIP Financing and the Premium Financing.

The provisions of this Interim Order shall remain in full force and effect pending conclusion of a Final Hearing and final determination by the Court on the Motion as contemplated in Bankruptcy Rule 4001(c)(2).

**IT IS SO ORDERED.**

Copies to: Default List